UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOSEPH TROLIAN, | ) CASE NO.   1:24-cv-00145 |
| | ) |
| Plaintiff, | ) JUDGE DAVID A. RUIZ |
| | ) |
| v. | ) |
| | ) |
| RICHLAND COUNTY MENTAL HEALTH AND RECOVERY SERVICES BOARD, *et al*, | ) MEMORANDUM OPINION AND ) ORDER, AND ) ORDER OF REMAND |
| Defendants. | |

**INTRODUCTION**

Before the Court is Plaintiff Joseph Trolian's lawsuit against Defendants Richland County Mental Health and Recovery Services Board (Board) and other individual defendants arising out of Plaintiff's 2023 termination as Executive Director of Defendant Board. R. 1, Attachment 1. Plaintiff initiated this matter in the Richland County Common Pleas Court as an administrative appeal under Ohio law claiming that Defendants violated Ohio contract and statutory law and his federal constitutional due process rights, as applied by 42 U.S.C. § 1983, when Defendants terminated Plaintiff's employment as executive director of Defendant Board. *Id*. While that administrative appeal was still pending, Defendants removed the matter to this Court. *Id.*

Defendants have since moved for partial judgment on the pleadings (R. 9), which Plaintiff opposes (R. 12) and to which Defendants have filed a reply. R. 13. Also pending is the question of whether this Court has or should exercise jurisdiction, which was raised by this Court at a

telephonic status conference. R. 6. Each side then filed a brief in support of this Court exercising jurisdiction. R. 10; R. 11.

For the following reasons, the Court maintains jurisdiction here, but grants Defendant's motion for partial judgment on the pleadings (R. 9) and remands this matter to Richland County Common Pleas Court for adjudication of the remaining state law contract claim.

## BACKGROUND

A brief recitation of relevant and undisputed facts is necessary for purposes of addressing the pending motions. At the time of his termination, Plaintiff was serving as Executive Director of Defendant Board under terms of an employment agreement signed on June 21, 2022, by Plaintiff and Defendant Jennifer Lemon, president of the Board. R. 1-1, PageID#: 17-20. That agreement states, *inter alia*, that Plaintiff's duties are to be "as set forth in O.R.C. 340," and further provides that the Board may terminate Plaintiff "for just cause in accordance with O.R.C. [340.04]…." *Id*., PageID#: 18.[1]

Ohio Revised Code section 340.04 effective on June 21, 2022, when the employment agreement was signed, provided that the Board "by a majority vote of its membership, may remove the director for cause, upon written charges, after an opportunity has been afforded him for a hearing before the board on request." When considering the same language in 340.04's predecessor, O.R.C. § 340.032, an Ohio court concluded that "O.R.C. § 340.032 is ambiguous as to whether or not the legislature intended to grant executive directors of ADAMHS [Alcohol,

---

[1] The Court here cites to O.R.C. 340.04, as the parties' pleadings acknowledge that although the contract referenced O.R.C. 340.032, that citation was "written incorrectly in the Contract". R. 1-1, PageID# 7, para. 11; R 5, PageID#: 1186, para. 4. In fact, the pertinent legislation relating to Executive Directors was found in O.R.C. 340.032 until 2017 when the statute was reorganized and the pertinent provisions, quoted herein, moved to O.R.C. 340.04.

2

Drug Addiction, and Mental Health Service] Boards tenure in their positions." *In Re Dismissal of Osborne*, 1992 WL 214527, at *10 (Ohio App. 5th Dist. Aug. 20, 1992). However, notwithstanding any ambiguity in that statute, the *Osborne* court concluded that when that statute is read together with another Ohio statute—also included in Plaintiff's employment agreement (*see*, R. 1, at PageID#:19)—that exempts the Executive Director from being a classified employee with tenure rights, it must be concluded that Ohio law did not create a protected federal Due Process property right in continued employment as Executive Director of an Ohio ADAMHS. *Osborne*, 1992 WL at * 12.

Here, Defendants argue in their motion for partial judgment on the pleadings that because O.R.C. § 340.04, which was incorporated into Plaintiff's contract, did not create any Due Process right to continuing employment, Plaintiff's federal claim in that regard must be dismissed and that Plaintiff's remedy is the state law breach of contract claim he has already filed. R. 9. Plaintiff disputes that characterization, as explained *infra* and argues that Defendants' motion for partial judgment on the pleadings should be denied.

## ANALYSIS

First, as noted, while Plaintiff's Ohio administrative appeal in the Ohio court was neither heard nor adjudicated before removal here, Plaintiff's appeal did assert claims under Ohio law, a federal § 1983 due process claim, and sought vacation of the employment termination along with compensatory and punitive damages. R.1, PageID # 10-14. As such, it is important to recognize, as did the Sixth Circuit in *Moore v. Hiram Township, et al.,* 988 F.3d 353 (6th Cir. 2021), that "a plaintiff pursuing an administrative appeal in Ohio need not limit [him]self to administrative claims. Rather [he] may seek relief under *both* [Ohio Revised Code] § 2506 and federal statutory law, as long as [he] follows the proper procedures." *Id.*, at 362 (internal

3

quotation omitted) (emphasis original). Indeed, as *Moore* explicitly observes, in Ohio courts "the practice of consolidating a § 2506 appeal with a separate complaint for [declaratory relief or money damages that] may not be available in a § 2506 appeal – is commonplace." *Id.* (citations omitted). Thus, the original Ohio administrative appeal can provide a forum for adjudicating all of Plaintiff's claims.

The next issue, notwithstanding the suitability of the Ohio court, is whether the federal court is the proper forum for this action. The district court decision in *Blair v. Board of Trustees of Sugarcreek Township, et al.,* 2008 WL 11352586 (S.D. Ohio May 5, 2008) provides the relevant analytical framework. Both parties address *Blair* and concede that it sets forth the relevant standard for applying the *Pullman* Abstention doctrine. *See,* R. 10, Page ID#: 1216-17; R. 11, PageID#: 1230-31. That doctrine states that a federal court should abstain from exercising jurisdiction where a state court may "interpret a challenged state statute so as to eliminate, or at least alter, the [federal] constitutional question presented." *Ohio Bureau of Employment Services v. Hodory*, 431 U.S. 471, 477 (1977).

The Plaintiff in *Blair* filed in state court both an administrative appeal under Ohio law alleging that the township improperly terminated his employment and a separate civil action alleging violation of his federal due process rights, as well as a claim for defamation that purportedly occurred when the township made statements to the media regarding the firing. *Id.*, at **2-3. The case was removed to federal court. *Id.*, at *2. There, after summary judgment motions had been briefed, the defendants moved for dismissal on either the *Younger* abstention doctrine or the *Colorado River* abstention doctrine. *Id.*, at *3.

The court however, *sua sponte*, found that the *Pullman* abstention doctrine applied to Blair's federal due process claim. As set out by the *Blair* court, "[t]he *Pullman* Abstention

4

Doctrine is used to avoid a decision on federal constitutional questions when the case hinges on unresolved issues of state law." *Id*., at *7 (citation omitted). *Blair* further noted that a case may be either dismissed under *Pullman* or the federal court can retain jurisdiction pending an authoritative interpretation of the relevant state statute. *Id*.

The *Blair* court concluded that the plaintiff's federal due process claim "turns on an interpretation of [portions of the Ohio Revised Code]," insofar as these portions of the Ohio Revised Code provide for proper notice and an opportunity to be heard in cases of termination. *Id*., at *8. Thus, *Blair* determined that Ohio courts should be the forum to decide how the relevant portions of the Ohio Revised Code apply in that case. *Id*.

Here, Plaintiff initially objects to remanding under the *Pullman* doctrine because he argues that *Pullman* only applies where the state statute is unclear or ambiguous, such as would require an interpretation by the state court. Rather, he contends, the only issue here is factual and turns on whether the Board complied with the statute before terminating his employment. *Id*. Defendants for their part also contend that the relevant Ohio law has been clearly interpreted but assert that the statute is clear only insofar as it does not confer a protected property interest in continued employment. R. 10, PageID#: 1217.

In reviewing these arguments, it is apparent that while both sides maintain that the relevant Ohio law is unambiguously clear, they make that claim in reference to two distinct issues—what notice, or process is required for termination (Plaintiff) as opposed to whether termination involves a protected property interest (Defendants).

In arguing that Ohio law does not create in Plaintiff a property interest to continued employment, Defendants rely on *In re Dismissal of Osborn,* 1992 WL 214527 (Ohio App. 5th Dist. Aug. 20, 2019). R. 9, PageID#: 1204. To that end, *Osborn*, which construed Ohio Rev.

5

Code § 340.04's predecessor § 340.032, affirmed the judgment of an Ohio trial court that found the statute "merely specifies removal procedures for executive directors [of Ohio county alcohol, drug addiction and mental health services boards] and does not grant any tenure rights[,]" meaning that the the former executive director "did not have a protected property right in his employment under the Due Process Clause of the Constitution." *Id*., at *10. Although the pertinent language regarding executive directors was the same in sections 340.032 and 340.04, Plaintiff argues that Ohio Revised Code § 340.04 was amended in 2023 to add new language making dismissal by the board "contingent upon any written contract between the board and the executive director," which Plaintiff asserts creates a property interest in continued employment as reflected by any contract. R. 12, PageID#: 1239-40.

While Plaintiff contends Ohio Revised Code § 340.04 as promulgated in 2023 locates a property right to continuing employment in the terms of any written contract between the board and the executive director, that argument is unavailing because it is clear that the statute—in effect when Plaintiff signed the 2022 contract underlying this case—did not include any language concerning a property right to continued employment by reference to the written employment contract. Instead, the contract here, which was executed in 2022, simply states that any termination for just cause shall be "in accordance with O.R.C. 340.[04]." *See*, R. 12, PageID#: 1245. Thus, at the time the employment agreement here was entered into, the portion of the Ohio Revised Code it incorporated did not include any provision making dismissal by the Board contingent on any written employment contract. Applying the aforementioned Ohio law, the applicable language of O.R.C. § 340.04 did not create a property interest in continued employment.

Moreover, Plaintiff's assertion that the 2022 employment contract's reference to O.R.C.

6

§ 340.04 should effectively incorporate subsequent 2023 revisions to section 340.04 is misplaced. In an analogous context, Ohio law makes clear that a statute incorporating by reference and adopting a specific portion of any other statute cannot be interpreted later so to include any future revisions to that law. This principle was clearly stated by the Supreme Court of Ohio in *State v. ex rel. Timken Roller Bearing Co. v. Indus. Comm'n*, 136 Ohio St. 148, 24 N.E. 2d 448, 451 (1939):

> Where one statute adopts the particular provisions of another by a specific and descriptive reference to the statute or provision adopted, *** such adoption takes the statute as it existed at the time of adoption and does not include subsequent additions or modifications of the statute so taken unless it does so by express intent. (Citation omitted).

*Id*.

In this case, the 2023 revision to the statute is not expressly incorporated into Plaintiff's contract, and Plaintiff does not have a federal Due Process property interest in continued employment. Plaintiff's claim in that regard must be dismissed. Such dismissal, in turn, leaves Plaintiff with an Ohio state law claim for breach of contract.

It is well-settled that "[w]hen all federal claims have been dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to the state court, if the action was removed." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (citations omitted). Here, remand is appropriate.

## CONCLUSION

For the reasons stated, the Court agrees with the parties that abstention is not warranted. Further, because the parties agree that the underlying employment contract incorporated Ohio Revised Code § 340.04, the Court applies that section effective at the time the contract was executed. Subsequent revisions to section 340.04 are not incorporated into the contract, and

neither § 340.04 nor the contract terms create a federal Constitutional property right to Plaintiff's continued employment. Thus, Plaintiff's claim in that regard is DISMISSED. Because Plaintiff's remaining claim is under Ohio state law, Plaintiff's case is REMANDED to the Richland County Court of Common Pleas where it was originally filed.

    IT IS SO ORDERED.

Dated: August 25, 2025

*David A. Ruiz*
David A. Ruiz
United States District Judge